**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| |
|---|
| In re<br><br>**TRADEX SWISS AG,**<br><br>      **Alleged Debtor** |

Chapter 7 (Involuntary)
Case No. 07-17180-RS

**MEMORANDUM OF DECISION ON**
**MOTION TO TAKE CONTROL OF DEBTOR'S ASSETS DURING GAP PERIOD**

  This case is before the Court on the motion of certain foreign bankruptcy liquidators for leave to take control of assets of the debtor pending adjudication of the involuntary petition. Pursuant to 11 U.S.C. § 303(g) and for the reasons set forth below, the Court will order the United States Trustee to appoint an interim chapter 7 trustee to secure and take possession of the assets during the involuntary "gap" period.

  The procedural history is as follows. Six petitioning creditors ("Petitioning Creditors") have filed an involuntary petition for relief under Chapter 7 against a Swiss corporation, Tradex Swiss AG ("Tradex"). Tradex has assets and creditors in the United States but is also the subject of a pending bankruptcy proceeding in Switzerland. The petition is opposed only by Mr. Peter Lutz and Mr. Romeo Da Rugna (the "Foreign Liquidators"[1]), the duly appointed bankruptcy liquidators in the Swiss bankruptcy proceeding pursuant to a Decree by the Swiss Federal Banking Commission.[2] The Foreign Liquidators have filed, in this Court, a petition under Chapter 15 of the Bankruptcy Code for recognition of the Swiss bankruptcy proceeding as a "foreign main proceeding" within the meaning of 11 U.S.C. §§ 1502(4) and 1517. See Case No.

---

  [1] The Foreign Liquidators refer to themselves as the Foreign Representatives, but "foreign representative" is a defined term (see 11 U.S.C. § 101(24)), and the Petitioning Creditors deny that the Foreign Liquidators qualify as foreign representatives. Until the matter is adjudicated, the appellation Foreign Liquidators will be more appropriate and less confusing.

  [2] The alleged debtor has not answered the involuntary petition.

07-17518. In conjunction with their Chapter 15 petition, which has not yet been adjudicated, the Foreign Liquidators have (i) opposed entry of an order for relief in this case (the involuntary chapter 7) and (ii) moved to consolidate the involuntary Chapter 7 case with the Chapter 15 case and to convert the consolidated case to one under Chapter 15 ("Motion to Consolidate and Convert"). The Motion to Consolidate and Convert is, in essence, one to dismiss the involuntary chapter 7 case under 11 U.S.C. § 305(a)(2),[3] and the Court will treat it as such. After a preliminary hearing on the involuntary petition, the Motion to Consolidate and Convert, and the Chapter 15 petition, the Court has determined that it is necessary to schedule an evidentiary hearing on the Chapter 15 petition and the Motion to Consolidate and Convert.[4]

---

[3] Section 305(a)(2) states:

> (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if— . . .
>
> (2)(A) a petition under section 1515 for recognition of a foreign proceeding has been granted; and
>
> (B) the purposes of chapter 15 of this title would be best served by such dismissal or suspension.

11 U.S.C. § 305(a). Under the Motion to Consolidate and Convert, the involuntary chapter 7 would in essence be dismissed: the two cases would be consolidated into one, and the surviving case would be one under Chapter 15. In order to justify this relief, the Foreign Representatives must satisfy the requirements of § 305(a)(2).

[4] The operative allegations of the involuntary petition are uncontested. As the Foreign Liquidators concede, if their chapter 15 petition is denied, an order for relief must enter in the chapter 7 case. Therefore, although the evidentiary hearing will be on the involuntary petition, the Court will not require proof from the petitioning creditors of the operative allegations of their involuntary petition. Rather, insofar as the involuntary petition is concerned, the hearing will focus on the requirements of § 305(a)(2), which essentially constitutes an affirmative defense to entry of an order for relief. (The evidentiary hearing will also be a hearing on the chapter 15 petition, and the Foreign Liquidators will also have to address the requirements of Chapter 15 for recognition of the Swiss proceeding as a foreign main proceeding.) The Foreign Liquidators bear the burden of proving the requirements of § 305(a)(2).

2

Upon the Court's announcement of a need for an evidentiary hearing, the Foreign Liquidators moved in open court for an order authorizing them to turn off and take possession of certain assets of the alleged debtor—specifically, a "trading platform," consisting of a computer, the software it operates, and the data it contains—pending the evidentiary hearing and final adjudication of the involuntary petition, the Motion to Consolidate and Convert, and the Chapter 15 petition. The Petitioning Creditors, while agreeing that the assets should be turned off and taken into possession, argue that the Court should enter an order for relief in the chapter 7 case, whereupon the chapter 7 trustee could secure the assets.

I make the following three determinations. First, as the parties agree, it is in the best interests of existing creditors and of those attempting to transact business through the Debtor's trading platform that the trading platform be shut down and that the assets be taken into possession by someone accountable to the Debtor's creditors and this court. I further find that the cash assets of the Debtor in bank accounts in this country should for the same reasons be taken into possession.

Second, an order for relief should not enter in the chapter 7 case until disposition of the Foreign Liquidators' Motion to Consolidate and Convert. I reject the Petitioning Creditors argument that, absent controversion of the operative allegations of the involuntary petition, an order for relief should enter without further process. A motion to dismiss under § 305(a)(2), though not intrinsic to § 303 and not specific to involuntary cases, nonetheless applies to any case in which its requirements can be satisfied, including involuntary cases and even during the time between the filing of the involuntary petition and adjudication of the petition, the so-called "gap period." Moreover, entry of an order for relief is both unnecessary as yet and imprudent. Entry of an order for relief is unnecessary because the assets may be secured through

3

appointment of a gap-period trustee under § 303(g), without need of an order for relief. And entry of an order for relief would be imprudent because it would commence a second liquidation proceeding as to this debtor before a proper determination can be made under § 305(a)(2) as to whether this case should survive. Where it is possible that the Chapter 7 case will be dismissed, entry of the order for relief at this time might serve only to create unnecessary expense for the estate and confusion among creditors.

Third, in a chapter 7 case, when assets of the estate are to be secured for the benefit of creditors, the task should be undertaken by a chapter 7 trustee, because a chapter 7 trustee is accountable to creditors, the court, and the United States Trustee. The Bankruptcy Code expressly prohibits appointment of a receiver. 11 U.S.C. § 105(b). I do not hold that authorization of the Foreign Liquidators to take possession of the assets would be tantamount to appointment of a receiver, only that the Code expresses a clear preference for established mechanisms. I hold that, where a gap-period trustee may be appointed for the purpose, and where the Foreign Liquidators' status as "foreign representatives" and the status of the Swiss proceeding under chapter 15 are as yet unadjudicated, there is no cause to authorize the Foreign Liquidators to take possession of the assets.

In relevant part, section 303(g) of the Bankruptcy Code states:

> At any time after the commencement of an involuntary case under chapter 7 of this title but before an order for relief in the case, the court, on request of a party in interest, after notice to the debtor and a hearing, and if necessary to preserve the property of the estate or to prevent loss to the estate, may order the United States trustee to appoint an interim trustee under section 701 of this title to take possession of the property of the estate and to operate any business of the debtor.

11 U.S.C. § 303(g). This is an appropriate case for appointment of an interim trustee for the gap period. By separate order, the Court will order the United States Trustee to appoint an interim

4

trustee under § 701 of the Bankruptcy Code to turn off the trading platform and to take possession of both the trading platform assets and the Debtor's bank accounts in the United States. The trustee will hold these assets until a determination is made on the involuntary petition, the Motion to Consolidate and Convert, and the Chapter 15 petition.

Date: December 12, 2007

_____
Robert Somma
United States Bankruptcy Judge

cc: Victor Bass, Esq., for Petitioning Creditors
    Evan Fray-Witzer, Esq., for Foreign Liquidators
    Stephen B. McNally, Esq., for Foreign Liquidators
    Eric Bradford, Esq., for U.S. Trustee